**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FABIAN ANTHONY BLIDGEN,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-13256 (SDW)**<br><br><br>**OPINION**<br><br>November 25, 2026 |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Fabian Anthony Blidgen, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Jamaica who was detained by ICE on October 3, 2026. (ECF No. 1 ¶ 1).

3. Petitioner entered the United States on December 28, 2018. (*Id.* ¶ 20). He was processed as an expedited removal and removed from the country. (*Id.*)

4. He reentered the country in September 2022. (*Id.* ¶ 21). He was detained by ICE, and his removal order was reinstated on September 8, 2022. (ECF No. 1-1 at 16).

5. On September 27, 2022, an asylum officer concluded that Petitioner had established a credible fear of persecution if he were removed to Jamaica. (ECF No. 1 ¶ 23).

6. He was released on an order of supervision ("OSUP") on December 1, 2022. (ECF No. 8-3 at 1-4). A Notice to Appear initiating removal proceedings was issued on February 10, 2023. (ECF No. 1-1 at 8-11).

7. Petitioner missed a scheduled check-in in January 2026. (ECF No. 1 ¶ 28).

8. On October 3, 2026,[1] Petitioner was detained by ICE after he reported for a check-in. (ECF No. 1 ¶ 6). A warrant for Petitioner's arrest was issued, (ECF No. 5-4), and his OSUP was revoked, (ECF No. 8-4).

9. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11. In their answer to the Petition, Respondents asserted that Petitioner's detention was mandatory pursuant to 8 U.S.C. § 1231(a)(5) due to his reinstated removal order.[2] (ECF No. 5 at 1). Petitioner noted in reply that the submitted documentation supported a conclusion that 8 U.S.C. § 1226 was the applicable statute, making his detention discretionary. (ECF No. 6).

---

[1] Petitioner lists his detention date as October 8, but the paperwork submitted by Respondents suggests it was October 3.

[2] Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order."

12. This Court requested Respondents to submit a supplemental answer addressing the conflicting information as well as a copy of the OSUP and any documentation regarding its revocation. (ECF No. 7).

13. Respondents argued in their supplemental answer "that the answer to that question (*i.e.*, which detention statute governs) has been mooted by recent developments, specifically, an individualized bond hearing held for Petitioner on November 12, 2026." (ECF No. 8 at 1).

14. The immigration judge concluded Petitioner was a flight risk based on his prior removal order, failure to disclose his criminal history, and violation of the supervision terms. (ECF No. 8-1 at 3).

15. This Court concludes that § 1226 governs Petitioner's detention.

16. The document initiating Petitioner's removal proceedings, the 2023 Notice to Appear, indicates that Petitioner is subject to removal for being a noncitizen who was "present in the United States without being admitted or paroled … ." (ECF No. 1-1 at 11). That language aligns with § 1226(a).

17. Respondents' other documentation also supports the conclusion that § 1226 is the applicable statute. The I-213 form indicates that Petitioner "was processed as a Custody Redetermination." (ECF No. 5-1 at 4). A warrant for his arrest was issued pursuant to § 1226 on October 3, 2026, (ECF No. 5-4 at 1), and ICE made an initial custody determination to detain him pursuant to § 1226, (ECF No. 5-5 at 1). The addendum specifically states that "ICE has determined that [he was] subject to discretionary detention under" § 1226(a). (*Id.* at 3).

18. Respondents' attempt to brush this language off as "*pro forma* or boilerplate references" is not persuasive. (ECF No. 8 at 2). The Notice to Appear "is the immigration version of a 'charging instrument,' and the I-200 is the warrant that follows." *Yeleshev v. Larocco*, No.

26-cv-2294, 2026 WL 1353806, at *2 (E.D.N.Y. May 14, 2026), *appeal filed* No. 26-1898 (2d Cir. July 13, 2026). The language used to deprive people of their liberty and subject them to removal proceedings has real meaning and legal effect.

19. Moreover, Respondents provided a bond hearing to Petitioner. A reinstated removal order is final; there is no administrative relief available. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021) ("Those reinstated orders are not subject to reopening or review, nor are respondents eligible for discretionary relief under the [Immigration and Nationality Act].") The immigration judge would have had no authority to conduct bond proceedings for Petitioner if the removal order were still valid.

20. Finally, the government attorney during the bond hearing stated on the record that they were not taking the position that Petitioner was subject to a final removal order. When the immigration judge asked if they were "alleging mandatory detention based on any ground[,]" the government attorney responded, "Not at this time, Your Honor." (ECF No. 9-1 at 2).

21. Respondents cannot represent to this Court that Petitioner's detention is mandatory pursuant to § 1231 mandates while telling the immigration court that his detention is discretionary pursuant to § 1226.

22. This Court gives great weight to the fact that the immigration court exercised jurisdiction over Petitioner's removal proceedings. Accordingly, § 1226 is the relevant statute of detention.

23. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody

pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

24. This Court concludes that Petitioner's due process rights were not violated when his OSUP was revoked. The OSUP revocation notice includes "conduct, or other circumstances, indicat[ing] that release is no longer appropriate" as a reason for the revocation. (ECF No. 8-4 at 1). Although nothing is in the section beneath that notation, Petitioner concedes he missed a check-in with ICE in January 2026, and ICE permitted Petitioner to explain the circumstances of that missed check-in during the regulatory interview. (ECF No. 1 ¶ 6; ECF No. 8-4 at 3); *see also* 8 C.F.R. § 241.4(l)(1).[3] It is reasonable to infer that this is the "conduct or other circumstances" referred to on the form.

25. Petitioner was also detained on a warrant based on the immigration proceedings initiated by the 2023 Notice to Appear. (ECF No. 5-4 at 1).

26. Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

27. Petitioner had a bond hearing before an immigration court and is now "in custody" pursuant to the immigration judge's order. Petitioner's objections to the immigration court's decision and weighing of the evidence are beyond this Court's jurisdiction. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *3 (3d Cir. Feb. 25, 2022).

[3] Respondents' submission omits a written statement from Petitioner, (ECF No. 8-4 at 3), but this Court concludes that it is not necessary for purposes of determining whether the proper procedures were followed.

28. This Court will grant the Petition to the extent necessary to clarify the applicable statute of detention but will otherwise deny the Petition.

29. An appropriate order follows.

/s/ Susan D. Wigenton

Hon. Susan D. Wigenton,
United States District Judge